UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EUGENE LIBBETT, | ) | CASE NO. 4:08 CV 732 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JOHN FERGEFON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On March 24, 2008, pro se plaintiff Eugene Libbett filed this action under 42 U.S.C. §1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*,[1] against Corrections Corporation of America President John Fergefon, Northeast Ohio Correctional Center ("NEOCC) Counselor Cox, NEOCC Unit Manager Thomas, and NEOCC Sergeant Brundage. In the complaint, plaintiff asserts that the defendants were deliberately indifferent to his serious medical needs. He seeks $ 6,500,000.00 in damages.

## Background

Mr. Libbett was transferred to NEOCC on March 9, 2007. He states that after the initial screening, he was given a lower bunk restriction due to a birth defect involving his arm and

---

[1] Congress has recently enacted major changes to the ADA. Amendments Act of 2008, Pub.L. No. 110-325, 122 Stat. 3553 (2008).

a back injury. No lower bunks were initially available so Mr. Libbett was given a cot on which to sleep until a lower bunk became available. He claims that on the following Tuesday, Sergeant Brundage was announcing the bed assignments to the inmates who were on cots. When he came to Mr. Libbett, he indicated that Mr. Libbett had been assigned to the top bunk. Mr. Libbett protested and indicated to the Sergeant that he had been given a lower bunk restriction. He claims he was told Counselor Cox made the assignment, but that he would speak to her and get back to Mr. Libbett.

Mr. Libbett saw Unit Counselor Cox in the hallway the following day. He asked if Sergeant Brundage had spoken with her and discovered that he had not done so. Mr. Libbett explained his dilemma to his Counselor and was told she would look into the situation and get back to him.

The following day, Mr. Libbett spoke with Ms. Cox. Ms. Cox told him that she had already addressed his problem earlier in the week and that he had been assigned to the top bunk in cell 131. He told her about his back problems and reminded her that he had a lower bunk restriction. He alleges she stated that he had been cleared by the medical department and gave him a direct order to move to the top bunk of cell 131. He was told to file a grievance if he felt that the decision was made in error. To avoid segregation, Mr. Libbett moved to the top bunk in cell 131.

Four days later, Mr. Libbett fell out of bed onto the concrete floor and aggravated the injury to his back. He spent three days in the hospital and was confined to a wheelchair for thirty days. At that point, he was transferred to FCI-McKean in Bradford, Pennsylvania. He claims

that Counselor Cox and Sergeant Brundage were deliberately indifferent to his serious medical needs.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss a claim under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, the claims against Corrections Corporation of America President John Fergefon, NEOCC Unit Manager Thomas, and NEOCC Sergeant Brundage will be dismissed pursuant to § 1915(e).

As an initial matter, a plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The complaint simply contains no facts which reasonably associate Mr. Fergefon or Unit Manager Thomas to any of the claims set forth by the plaintiff.

It appears that Mr. Fergefon may have been included in this action because he is the employer of the other defendants.  For an individual supervisor or employer to be found liable for

---

[2]A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

the acts of an employee under § 1983, the acts of the employee must have been in accordance with some official policy or custom. The employer may also be held liable when the supervisor encouraged the specific misconduct or in some way directly participated in it. See Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). The complaint contains no suggestion of a custom or policy of Mr. Fergefon which may have resulted in the deprivation of a federally protected right of the plaintiff. There is also no suggestion that he encouraged, acquiesced in, or directly participated in the conduct described in the complaint.

Mr. Libbett does identify a claim under the Eighth Amendment against Sergeant Brundage. He alleges that Sergeant Brundage reported to him the bunk to which he had been assigned by Ms. Cox. After being informed of Mr. Libbett's bottom bunk restriction, he promised to speak to Ms. Cox. He had not yet done so by the following day when Mr. Libbett saw Ms. Cox and made his own inquiries. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To state a claim under the Eighth Amendment, a plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. Id. at 9. In addition, the plaintiff must also show that the defendant committed the acts in question with the requisite state of mind. An official acts with deliberate indifference when "he acts with criminal recklessness,"

4

a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. Id. at 837. Mere negligence will not suffice. Id. at 835-36. None of the allegations against Sergeant Brundage suggests that Mr. Libbett was subjected to extreme conditions of confinement or that he acted with criminal recklessness.

Mr. Libbett's ADA claim based on the same alleged conduct of being deliberately indifferent to his serious medical needs is time-barred because he apparently did not "file a charge of discrimination with the EEOC within 300 days of the alleged discrimination." Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 309 (6th Cir. 2000) (citing 42 U.S.C. § 12117(a), 42 U.S.C. § 2000e-5(e)(1), and Jones v. Sumser Ret. Vill., 209 F.3d 851, 853 (6th Cir.2000)). The fact that Mr. Libbett did not assert a charge of discrimination based on disability to the EEOC within 300 days of the alleged discrimination bars him from raising that claim here.

With regard to plaintiff's request for counsel, it is well-settled that although a criminal defendant has a Constitutional right to representation even if the defendant cannot afford counsel, there is no similar right to counsel in civil litigation.

## Conclusion

Accordingly, the request to proceed in forma pauperis (Doc. 2) is granted. Furthermore, the request for appointment of counsel (Doc. 3) is denied. Plaintiff's claims against Corrections Corporation of America President John Fergefon, Northeast Ohio Correctional Center Unit Manager Thomas, and Sergeant Brundage are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith.[3]  This case will proceed solely on plaintiff's claim against Ms. Cox.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendant.

       IT IS SO ORDERED.


Dated:  March 31, 2009                  /s/  John R. Adams
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:
 An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.